1 | NADIA P. BERMUDEZ, ESQ. (SBN 216555)
    ERAN M. BERMUDEZ, ESQ. (SBN 241143)
2 | RODRIGO E. GUEVARA, ESQ. (SBN 269288)
    GARCIA, HERNÁNDEZ, SAWHNEY & BERMUDEZ, LLP
3 | 625 Broadway, Suite 1400
    San Diego, California 92101
4 | Telephone:  (619) 564-8400
    Facsimile:  (619) 564-8404
5
    Attorneys for Defendant
6 | ALERE HEALTH, LLC

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11

12 | DYAN BILLAL, an individual,

            Plaintiff,
13

14 | vs.

15 | ALERE HEALTH, LLC, a limited
    liability company, and DOES 1 through
    100 inclusive,
16

            Defendants.
17

18

19

| Case No.:  **SACV14-00390 AN**
| **DEFENDANT ALERE HEALTH, LLC NOTICE OF REMOVAL**

20 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21 | PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446, Defendant Alere Health,

22 | LLC ("Alere"), hereby invoke this Court's jurisdiction under 28 U.S.C. § 1441, and states the

23 | following grounds for removal:

24 | 1.     On or about January 29, 2014, an action was commenced by Plaintiff Dyan Billal

25 | ("Plaintiff" or "Billal") in the Superior Court of the State of California in and for the County of

26 | Orange, entitled *Dyan Billal v. Alere Health, LLC* case number 30-2014-00701896-CU-WT-

27 | CJC ("State Action").  A true and correct copy of the Complaint is attached hereto as Exhibit

28 | A.

-1-

DEFENDANT ALERE HEALTH, LLC NOTICE OF REMOVAL

2.      On or about February 13, 2014, Defendant Alere Health, LLC was served with a copy of the Summons and Complaint in the State Action.  This is the only process, pleading, or order that has been served upon Defendant in the State Action to date.

3.      On or about March 10, 2014, Defendant Alere Health, LLC filed an answer to Plaintiff's Complaint in the Superior court of the State of California in and for the County of Orange.  A true and correct copy of this Answer is attached hereto as **Exhibit B**.

4.      There are no pending cases related to the State Action.

5.      Defendant is informed that Plaintiff is a citizen of the state of California.

6.      Defendant Alere Health, LLC is a limited liability corporation, duly formed and incorporated under the laws of the state of Delaware and has its principal place of business in the state of Georgia.

7.      This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds seventy five thousand dollars ($75,000) and it involves citizens of different states.

8.      This action is removable to this Court pursuant to 28 U.S.C. § 1441(b) in that the amount in controversy exceeds seventy five thousand dollars ($75,000) and there is diversity of citizenship between the parties to this action.

9.      This Notice of Removal is filed with this Court within thirty (30) days of Defendant's receipt of a copy of the initial pleading setting forth Plaintiff's claim for relief in this action as required by 28 U.S.C. § 1446(b).

10.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

11.     Said State court from which this action was removed and in which this action was commenced is within this Court's district and division.

12.     Notice of Filing Notice of Removal will be filed promptly with the Clerk of Court for Los Angeles County, Southern Division, California, and served on all adverse parties to this action, as required by 28 U.S.C. § 1446(d).

1    13.     There are no other defendants in the State Action to join in this Notice of Removal.

Dated March _13_ 2014        Garcia, Hernández, Sawhney & Bermudez, LLP

By:   _____
      Nadia P. Bermudez
      Eran M. Bermudez
      Rodrigo E. Guevara
      Attorneys for Defendant
      ALERE HEALTH, LLC

DEFENDANT ALERE HEALTH, LLC NOTICE OF REMOVAL

**PROOF OF SERVICE**

I, Nadia P. Bermudez, declare that I am over the age of eighteen (18) and not a party to this action. My business address is 625 Broadway, Suite 1400, San Diego, California, 92101. On March *13*, 2014, I served **DEFENDANT ALERE HEALTH, LLC NOTICE OF REMOVAL** upon the following parties pursuant to the method described below:

**BY ELECTRONIC SERVICE:** Pursuant to Fed.R.Civ.P.5(b)(2) and Local Court Rule(s), the foregoing document will be served by the court via electronic communication to the following individuals:

(1): _____. at: [_____]

**BY MAIL:** As well as served a copy on all interested parties in this action by placing a copy in a sealed envelope addressed as follows:

Geniene B. Stillwell, Esq.
Freda Tjoarman, Esq.
STILLWELL LAW OFFICE, P.C.
384 Forest Avenue, Suite 23b
Laguna Beach, CA 92651
Tel: (949) 494-4744
Fax: (949) 494-4734

**ATTORNEY FOR DYAN BILLAL**

I am "readily familiar" with Garcia, Hernandez, Sawhney & Bermudez, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereof fully prepaid at San Diego, California, on that same day following ordinary business practices.    I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed, March *13*, 2014 in San Diego, California.

/s/: Nadia P. Bermudez _____

**EXHIBIT "A"**

GENIENE B. STILLWELL, SBN 138323
FREDA TJOARMAN, SBN 285995
STILLWELL LAW OFFICE, P.C.
384 Forest Avenue, Suite 23b
Laguna Beach, CA 92651
Telephone: (949) 494-4744
Facsimile: (949) 494-4734

Attorneys for PLAINTIFF DYAN BILLAL

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/29/2014** at 11:22:17 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER

DYAN BILLAL, an individual,

        Plaintiff,

    v.

ALERE HEALTH, LLC, a limited liability company, and DOES 1 through 100, inclusive,

        Defendants.

CASE NO. 30-2014-00701896-CU-WT-CJC

Judge Frederick P. Aguirre

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff Dyan Billal ("Plaintiff") alleges for claims against Defendant Alere Health, LLC, ("Defendant," the "Company," or "Alere"), and Does 1 through 100, inclusive, (collectively, "Defendants") as follows:

### THE PARTIES

1.    Plaintiff is informed, believes, and thereon alleges that Defendant Alere Health, LLC is a limited liability company, which conducts business in the State of California, County of Orange, where Plaintiff worked and where the events alleged in this Complaint occurred.

2.    Defendant DOES 1 through 100 are Defendants whose identities are currently unknown to Plaintiff but who are responsible, in whole or part, for the damages suffered by Plaintiff, who alleges on information and belief that Does 1 through 100 acted jointly with the other named Defendants and are jointly and severally liable for the damages asserted herein. Plaintiff will amend

---

**COMPLAINT**

1    this Complaint to insert the true names of the fictitiously named Doe Defendants when she learns of

2    the same.

3           3.     Plaintiff is an individual residing in the State of California, County of Orange.

4                   **GENERAL ALLEGATIONS**

5           4.     Alere hired Plaintiff Dyan Billal in 2008 as a triage enrollment nurse.  She took

6    approximately one year off work from 2010-2011, but returned with the express guarantee that she

7    would be credited with benefits based on her cumulative tenure.  She was an excellent employee, and

8    had one of the highest referral rates among all the triage enrollment nurses, one of the chief

9    performance criteria.  She was consistently in the top four for number of referrals, many times

10    number one.

11           5.     Plaintiff began an intermittent leave beginning April 1, 2013 under the California

12    Family Rights Act ("CFRA") due to asthma and related health complications.  Her leave was

13    approved for CFRA.  On August 7, 2013, she became ill due to her asthma and went out on approved

14    short term disability and CFRA leave.  She was scheduled to return to work on November 4, 2013,

15    and had a doctor's appointment on November 1, at which time she expected to be cleared by her

16    doctor to return.

17           6.     In anticipation of her return, on October 30 she discussed plans for work with her

18    direct supervisor, Barbara Dohanyos.  Also on November 1, there was a meeting among the triage

19    enrollment nurses, wherein Susan Garcia, an executive, announced that they would be hearing about

20    layoffs within the company, but that the layoffs would not affect anyone in their department.

21           7.     On November 1, while still on approved leave, Plaintiff went to see her doctor.  While

22    Plaintiff was on her way to see her doctor, Ms. Garcia called Plaintiff on her cell phone and informed

23    Plaintiff that she was being laid off for financial reasons as part of a reduction in force and that her

24    position was being eliminated.  Plaintiff asked why she was selected for layoff, and Ms. Garcia

25    responded that she "didn't have to explain," and that it had "nothing to do with [Plaintiff's]

26    performance."  Ms. Garcia stated that her CFRA leave had ended the previous day.  Plaintiff,

27    understandably, was horribly upset by the news of her termination, as well as the rude and uncaring

28    attitude of Ms. Garcia during their conversation, causing her blood pressure to be dangerously high

1    during her ensuing doctor's appointment.  As a result, her doctor put her on additional medications

2    due to her severely elevated blood pressure and directed that she take additional time off.

3        8.      Despite being one of the best performers, Plaintiff was the only triage enrollment

4    nurse selected for layoff even though Ms. Garcia had announced during the meeting on November 1

5    that the layoff would not apply to anyone in their department.  Plaintiff had not only recently received

6    a raise, but in her annual review in April 2013, she had exceeded her goals in many important areas.

7    Plaintiff had one of the highest referral rates among all the triage enrollment nurses, one of the chief

8    performance criteria and normally the prevailing factor for selection for retention or termination in a

9    reduction in force.

10       9.      More importantly, during Plaintiff's CFRA leave, the Company had hired and

11   transferred several employees, all of whom are younger than Plaintiff who is 56 years old, into

12   positions as triage enrollment nurses—Plaintiff's position.  Rachel (last name unknown) was hired in

13   July, and Robin (last name unknown) was rehired only a few weeks before Plaintiff's termination.

14   Another employee, Gretchen (last name unknown) was transferred into that position a week or so

15   prior to Plaintiff's layoff.  These recent hires, while Plaintiff was on CFRA leave and close in time

16   with her termination, clearly evidence that there was no actual "layoff," nor was her position being

17   eliminated.  To the contrary, Plaintiff was replaced while she was on her leave, and then terminated

18   the day after her protected CFRA leave expired.

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

### AGAINST ALL DEFENDANTS

22       10.     Plaintiff hereby incorporates paragraphs 1 through 9, above, as though fully set forth

23   herein.

24       11.     During her employment with Defendants, Plaintiff suffered from an actual or

25   perceived physical disability, protected under the California Fair Employment and Housing Act

26   ("FEHA"), in the form of her asthma and related health problems.  Cal. Gov't Code § 12926(k); Cal.

27   Code Regs. tit. 2, § 7293.6.  Plaintiff is informed, believes, and thereon alleges that Defendants

28   participated in a discriminatory course of conduct directed against Plaintiff in her employment, in

whole or in part, because of her actual or perceived disability.

12.     Defendants' discriminatory course of conduct consisted, among other things, of refusing to reinstate Plaintiff to her position after returning from protected leave, retaliating against her for exercising her right to take disability and/or medical leave, and terminating her employment, acts which were motivated, in whole or in part, by a discriminatory animus toward Plaintiff because of her actual or perceived physical disability, in violation of the FEHA.

13.     Plaintiff has exhausted her administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving her right to sue notice.

14.     Plaintiff has suffered damages from Defendants' discriminatory treatment of her.  The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be entitled to recover her attorneys' fees, expert fees, and costs under the FEHA.  Cal. Gov't Code § 12965(b).

15.     Defendants' discrimination against Plaintiff was fraudulent, malicious, and/or oppressive.  Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

## SECOND CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF THE FEHA

### AGAINST ALL DEFENDANTS

16.     Plaintiff hereby incorporates paragraphs 1 through 15, above, as though fully set forth herein.

17.     Plaintiff is informed, believes, and thereon alleges that, at age fifty-six, she was one of the older employees working for Defendants.  While she was out on medical and disability leave, Plaintiff was replaced by at least three other employees, all of whom are younger than Plaintiff.  Plaintiff is informed, believes, and thereon alleges that Defendants participated in a discriminatory course of conduct directed against Plaintiff in her employment, in whole or in part, because of her age.

18.     Defendants' discriminatory course of conduct consisted, among other things, of

refusing to reinstate Plaintiff to her position after returning from protected leave, and terminating her employment, acts which were motivated, in whole or in part, by a discriminatory animus toward Plaintiff because of her older age, in violation of the FEHA, California Government Code Section 12940, et seq.

19.     Plaintiff has exhausted her administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving her right to sue notice.

20.     Plaintiff has suffered damages from Defendants' discriminatory treatment of her. The exact amount of said damages is unknown, but will be proven at trial. Plaintiff will also seek and be entitled to recover her attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code § 12965(b).

21.     Defendants' discriminatory termination of Plaintiff's employment was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

**THIRD CAUSE OF ACTION**

**INTERFERENCE WITH CFRA RIGHTS**

**AGAINST ALL DEFENDANTS**

22.     Plaintiff hereby incorporates paragraphs 1 through 21, above, as though fully set forth herein.

23.     Under the CFRA, it is unlawful "for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under [the CFRA]." Cal. Gov't Code § 12945.2(t).

24.     Plaintiff exercised her CFRA rights and went on CFRA leave. Prior to the expiration of her CFRA leave, Defendants posted an internal job posting for Plaintiff's position and had hired and transferred several employees into positions as triage enrollment nurses, indicating an intent not to return Plaintiff to her position. Plaintiff's leave had been approved by Defendants for several days longer than the twelve weeks protected under the CFRA. Defendants did not inform Plaintiff that her CFRA leave would expire prior to her anticipated return. The day after her protected CFRA leave

5

**COMPLAINT**

1   expired (but while still on leave approved by Defendants), Defendants terminated Plaintiff's

2   employment and refused to reinstate her to her former position.  Defendants' conduct violated and

3   interfered with Plaintiff's exercise of her CFRA rights. Cal. Gov't Code § 12945.2(t).

4       25.    Plaintiff has exhausted her administrative remedies under the California Government

5   Code by filing a complaint with the California Department of Fair Employment and Housing and

6   receiving her right to sue notice.

7       26.    Plaintiff has suffered damages from Defendants' interference with her rights under the

8   CFRA, including damages for lost wages and benefits, emotional distress, and other general damages.

9   The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and

10   be entitled to recover her attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code §

11   12965(b).

12       27.    Defendants' conduct was fraudulent, malicious, and/or oppressive.  Accordingly,

13   Plaintiff seeks and will be entitled to punitive damages under California Government Code Section

14   3294.

15   **FOURTH CAUSE OF ACTION**

16   **VIOLATION OF CFRA RIGHTS—RETALIATION**

17   **AGAINST ALL DEFENDANTS**

18       28.    Plaintiff hereby incorporates paragraphs 1 through 27, above, as though fully set forth

19   herein.

20       29.    Employers are prohibited from retaliating against an employee who has taken leave

21   for a serious health condition protected by the CFRA. Gov. Code, § 12945.2(l).

22       30.    Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully

23   retaliated against her for exercising her right to CFRA leave, in violation of the CFRA, by posting job

24   announcements for Plaintiff's position prior to the expiration of her CFRA leave, hiring and

25   transferring several employees to replace Plaintiff in her position, and terminating her employment.

26   Plaintiff is informed, believes, and thereon alleges that her CFRA leave was a motivating factor in

27   Defendants' decision to terminate her employment.

28       31.    Plaintiff has exhausted her administrative remedies under the California Government

**COMPLAINT**

1  Code by filing a complaint with the California Department of Fair Employment and Housing and

2  receiving her right to sue notice.

3       32.    Plaintiff has suffered damages from Defendants' violation of the CFRA, including

4  damages for lost wages and benefits, emotional distress, and other general damages.  The exact

5  amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be

6  entitled to recover her attorneys' fees, expert fees, and costs under the FEHA.  Cal. Gov't Code §

7  12965(b).

8       33.    Defendants' conduct was fraudulent, malicious, and/or oppressive.  Accordingly,

9  Plaintiff seeks and will be entitled to punitive damages under California Government Code Section

10  3294.

11  **FIFTH CAUSE OF ACTION**

12  **VIOLATION OF CFRA RIGHTS—FAILURE TO REINSTATE**

13  **AGAINST ALL DEFENDANTS**

14       34.    Plaintiff hereby incorporates paragraphs 1 through 33, above, as though fully set forth

15  herein.

16       35.    Under the CFRA, an employer must provide the employee with "a guarantee of

17  employment in the same or a comparable position upon the termination of the leave." Cal. Gov't

18  Code § 12945.2(a).  "It is an unlawful employment practice for an employer, after granting a

19  requested CFRA leave, to refuse to honor its guarantee of reinstatement to the same or a comparable

20  position at the end of the leave, unless" the employee's employment would have ceased "if the

21  employee had been continuously employed during the CFRA leave period." Cal. Code Regs. tit. 2, §

22  7297.2(a),(c)(1).  "'Employment in the same position' means employment in, or reinstatement to, the

23  original position which the employee held prior to taking a CFRA leave." Cal. Code Regs. tit. 2, §

24  7297.0(f).  "'Employment in a comparable position' means employment in a position which is

25  virtually identical to the employee's original position in terms of pay, benefits, and working

26  conditions, including privileges, perquisites and status." Cal. Code Regs. tit. 2, § 7297.0(g).

27       36.    Defendants violated Plaintiff's right to reinstatement under the CFRA by posting job

28  vacancy announcements for her position before her CFRA leave expired, filling her position prior to

1   the expiration of her protected leave, and terminating her employment the day after her protected

2   CFRA leave expired.

3        37.     Plaintiff has exhausted her administrative remedies under the California Government

4   Code by filing a complaint with the California Department of Fair Employment and Housing and

5   receiving her right to sue notice.

6        38.     Plaintiff has suffered damages from Defendants' violation of the CFRA, including

7   damages for lost wages and benefits, emotional distress, and other general damages.  The exact

8   amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be

9   entitled to recover her attorneys' fees, expert fees, and costs under the FEHA.  Cal. Gov't Code §

10  12965(b).

11       39.     Defendants' conduct was fraudulent, malicious, and/or oppressive.  Accordingly,

12  Plaintiff seeks and will be entitled to punitive damages under California Government Code Section

13  3294.

14                              **SIXTH CAUSE OF ACTION**

15          **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

16                              **AGAINST ALL DEFENDANTS**

17       40.     Plaintiff hereby incorporates paragraphs 1 through 39, above, as though fully set forth

18  herein.

19       41.     The day after her protected CFRA leave expired, but while Plaintiff was still on

20  approved leave, Defendants summarily terminated Plaintiff's employment.  Plaintiff is informed,

21  believes, and thereon alleges that Defendants' termination of Plaintiff was motivated, in whole or in

22  part, by her exercising her right to take disability and/or medical leave and by a discriminatory

23  animus toward Plaintiff because of her actual or perceived physical disability and/or age.  Plaintiff's

24  termination violated, among other things, the substantial and fundamental public policies embodied

25  in the FEHA and the CFRA, including, but not limited to, the public policies that prohibit

26  discrimination on the basis of disability and/or age, and protect employees against retaliation for

27  exercising their right to take protected disability and/or medical leave.  An employer who terminates

28  an employee, in whole or in part, due to the employee's exercise of a statutory right or privilege is

liable to the employee for wrongful termination. <u>Stevenson v. Superior Court</u> (1997) 16 Cal. 4th 880, 889. <u>See also</u> <u>Green v. Ralee Engineering Co.</u> (1998) 19 Cal.4th 66, 71 (Although an employer may generally terminate an employee at will, an employer cannot terminate an employee in contravention of fundamental public policy.).

42.     Plaintiff has suffered damages from Defendants' wrongful termination of her employment, including lost past and future wages and benefits, emotional distress, and other general damages. The exact amount of said damages is unknown, but will be proven at trial.

43.     Defendants' discriminatory and retaliatory termination of Plaintiff's employment was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

**SEVENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST DEFENDANT**

44.     Plaintiff hereby incorporates paragraphs 1 through 43, above, as though fully set forth herein.

45.     Defendants' conduct, as described above, was extreme and outrageous, and Defendants engaged in said conduct with intent to cause Plaintiff severe emotional distress or with reckless disregard for consequently causing Plaintiff severe emotional distress. As a result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer severe emotional distress.

46.     Accordingly, Plaintiff will be entitled to recover compensatory damages for her severe emotional distress, shock, mental anguish, and apprehension, as well as any loss of earnings or earning capacity that results therefrom.

47.     Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

WHEREFORE, Plaintiff prays:

1.     For general damages according to proof;

9

**COMPLAINT**

1     2.     For special damages according to proof;

2     3.     For past and future lost wages, compensation, and benefits;

3     4.     For emotional distress damages;

4     5.     For unpaid wages;

5     6.     For interest;

6     7.     For attorneys' fees;

7     8.     For costs of suit;

8     9.     For civil and statutory penalties;

9     10.     For punitive damages; and

10     11.     For such other and further relief as may be appropriate.

11                  **DEMAND FOR JURY TRIAL**

12     Plaintiff hereby demands a jury trial on all claims in her Complaint.

13

14     DATED: January 29, 2014            STILLWELL LAW OFFICE, P.C.

15                               GENIENE B. STILLWELL, SBN 138323
                                FREDA TJOARMAN, SBN 285995

16

17

18                             By: _____
                                    Geniene B. Stillwell

19                             Attorneys for PLAINTIFF DYAN BILLAL

20

21

22

23

24

25

26

27

28

**COMPLAINT**

**EXHIBIT "B"**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/10/2014** at 03:54:00 PM

Clerk of the Superior Court
By Joseph Tran, Deputy Clerk

1   NADIA P. BERMUDEZ, ESQ. (SBN 216555)
    ERAN M. BERMUDEZ, ESQ. (SBN 241143)
2   RODRIGO E. GUEVARA, ESQ. (SBN 269288)
    GARCIA, HERNÁNDEZ, SAWHNEY & BERMUDEZ, LLP
3   625 Broadway, Suite 1400
    San Diego, California 92101
4   Telephone: (619) 564-8400
    Facsimile:  (619) 564-8404
5
    Attorneys for Defendant
6   ALERE HEALTH, LLC

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF ORANGE

10                          CENTRAL JUSTICE CENTER

11

12
    DYAN BILLAL, an individual,            Case No.: 30-2014-00701896-CU-WT-CJC
13
              Plaintiff,                   **ANSWER TO PLAINTIFF DYAN
14                                         BILLAL'S UNVERIFIED COMPLAINT**
    vs.
15
    ALERE HEALTH, LLC, a limited
16  liability company, and DOES 1 through  Complaint Filed:  January 29, 2014
    100 inclusive,
17                                         Judge Assigned:  Hon. Frederick P. Aguirre
              Defendants.                  Dept.:            C23
18

19

20

21          Defendants Alere Health, LLC (collectively "Defendants"), hereby answer Plaintiff

22  Dyan Billal's ("Plaintiff") Complaint ("Complaint") as follows:

23                              **GENERAL DENIAL**

24          Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendant

25  denies generally and specifically each and every allegation of the Complaint, and the whole

26  thereof; deny that the Plaintiff was injured or damaged by Defendant in the amount or manner

27  specified, or otherwise; and further deny that the Plaintiff is entitled to the relief claimed, or any

28  relief, on the grounds alleged or otherwise.

                                        -1-

## AFFIRMATIVE DEFENSES

Without waiving the preceding allegations, Defendants allege affirmative defenses to Plaintiff's Complaint and each cause of action therein, as follows:

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Defendant alleges the Complaint and each cause of action set forth therein fails to state sufficient facts to constitute a cause of action against Defendant.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

(Bad Faith)

Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiffs claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

(Breach of Duty)

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims are barred by his own breach of the duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

(Waiver)

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of waiver. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

///

///

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

(Uncertainty)

Defendant alleges the Complaint, and the claims asserted therein, are uncertain.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

(Estoppel)

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Laches)

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of laches. Defendant reserves the right to amend its answer upon.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, the three-year limitations period contained in California Code of Civil Procedure §§ 335, 335.1, 337, 338, 339, 340 and 343; the one-year limitations period governing recovery of statutory penalties contained in California Code of Civil Procedure section 340(1); Cal. Labor Code

DEFENDANT ALERE HEALTH, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1  section 203; California Government Code §§ 12940, 12941, 12945, 12945.2, 12960 and

2  12965(b), and any other applicable statutes of limitation.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Consent)

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of consent. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to Exhaust)

Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust his requisite administrative and/or contractual remedies available to him under the California Labor Code or other provisions of law prior to commencing this action.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

Defendant alleges that, to the extent during the course of this litigation Defendant acquires any evidence of wrongdoing of Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment, or would have resulted in Plaintiff being either demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages and shall reduce such claim as provided by law.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Good Faith)

Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendant had reasonable grounds for believing that its rest break practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial

-4-

1   Welfare Commission such that Plaintiff are not entitled to any damages.

2   ### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

3   (Privileged Conduct)

4    Defendant alleges that his conduct was privileged.  Where an employer seeks to protect

5   his own self-interest and that of his employees in good faith and without abusing the privilege

6   afforded him, the privilege obtains even though it is substantially certain that emotional distress

7   will result from uttered statements." (*Deaile v. General Telephone Co. of California* (1974) 40

8   Cal.App.3d 841, 849—850.)

9   ### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

10   (Mitigation of Damages)

11    Defendant is informed and believes that a reasonable opportunity for investigation and

12   discovery will reveal, and on that basis alleges, Plaintiff has failed to exercise reasonable care to

13   mitigate his damages, if any were suffered, and that his right to recover against Defendant

14   should be reduced and/or eliminated by such a failure.

15   ### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16   (Employment Would Have Ceased)

17    Defendant alleges that the Complaint and each cause of action set forth therein are

18   barred because Plaintiff had no greater right to reinstatement or to other benefits and conditions

19   of employment than if the employee had been continuously employed during the CFRA leave

20   period.

21   ### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

22   (Unknown Conduct)

23    Defendant alleges that the Complaint and/or each purported cause of action therein

24   cannot be maintained against Defendant because if Defendant's employees took the actions

25   alleged, such actions were committed outside the course and scope of such employees'

26   employment, were not authorized, adopted or ratified by Defendant, and/or Defendant did not

27   know of nor should they have known of such conduct.

28   ///

DEFENDANT ALERE HEALTH, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Plaintiff At-Will)

Defendant alleges that the relief prayed for in the complaint against this Answering Defendant is barred because Plaintiff was an at will employee and both Defendant and Plaintiff had the right to terminate Plaintiff's employment for any reason, or for no reason at all, without notice.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Intervening and Superseding Cause)

Defendant is informed and believes and based thereon alleges, that if in fact Plaintiff was damaged in any manner whatsoever, such damage, if any, was a direct and proximate and/or legal result of the intervening, superseding actions on the part of other persons or entities, and not the actions of Defendant.  Defendant is further informed and believes and thereon alleges that such intervening, superseding actions of such other persons or entities bar recovery herein by Plaintiff against Defendant.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

(Good Faith)

Defendant alleges that it has complied in good faith with all employment laws and other applicable law, and reasonable interpretations of the same, pertaining to the employment of Plaintiff, including, but not limited to any alleged or perceived disability, accommodation of any alleged or perceived disability, including but not limited to wrongful termination in violation of public policy, discrimination, harassment and retaliation, as may be alleged by Plaintiff in this action.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

(Attorney's Fees Not Available)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim for attorney's fees under California Code of Civil Procedure section 1021.5, California Labor Code sections 218.5, California Business and Professions Code section 17200, et seq., or any other basis.

DEFENDANT ALERE HEALTH, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1     **TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

2                        (Amendment of Answer)

3        Defendant alleges the Complaint does not describe the claims or facts being alleged with

4 sufficient particularity to permit Defendant to ascertain what other defenses may exist.

5 Defendant will rely on any and all further defenses that become available or appear during

6 discovery in this action and specifically reserves the right to amend this Answer for purposes of

7 asserting such additional affirmative defenses.

8      **TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

9                (Failure to Exhaust Internal Remedies)

10       As a separate and affirmative defense, Defendant alleges that the claims asserted in the

11 complaint, or some of them, are barred and/or estopped in whole or in part by Plaintiff's failure

12 to exhaust appropriate internal remedies.

13     **TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

14                  (Management Discretion)

15       As a separate and affirmative defense, Defendant alleges that the claims asserted in the

16 Complaint, or some of them, are barred in whole or in part because any and all conduct of

17 which Plaintiff complains and which is attributable to Defendant was a just and proper exercise

18 of management's discretion on the part of Defendant, undertaken for fair and honest reasons

19 under the circumstances then existing.

20     **TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

21            (Contributory/Comparative Negligence)

22       As a separate and affirmative defense, Defendant alleges that the claims asserted in the

23 Complaint, or some of them, are barred in whole or in part because Plaintiff himself failed to

24 exercise reasonable and ordinary care, caution and/or prudence and the alleged injuries and

25 damages, if any were suffered, were proximately caused and/or contributed to by Plaintiff's

26 own negligent and/or intentional conduct and any recovery to which Plaintiff might be entitled

27 must be reduced by reason of Plaintiff's contributory and/or comparative negligence.

28 ///

**TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Good Cause)

As a separate and affirmative defense, Defendant alleges that the claims asserted in the Complaint, or some of them, are barred, in whole or in part because good cause existed for each action taken by Defendant with respect to Plaintiff's employment.

**TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Unconstitutional)

As a separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary or emotional distress damages on the grounds that any award of punitive or exemplary or emotional distress damages under California law in general or as applied to the facts of this specific action violates Defendant's constitutional rights under *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408 (2003) and provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

**TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Workers' Compensation Preemption)

As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, et seq. and section 132a of the California Labor Code, in that: (1) the injuries complained of occurred when both Plaintiff and his employer were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his alleged employment and was acting within the course and scope of his alleged employment; (3) Plaintiff allege that the injuries were caused by his alleged employment, and accordingly, this Court lacks subject

-8-

1   matter jurisdiction over said claims; and (4) Plaintiff's alleged employment was covered by

2   workers' compensation and Defendants paid the entire costs for that coverage. Accordingly,

3   this Court lacks subject matter jurisdiction over said claims.

4   **TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

5   (Offset)

6   As a separate and affirmative defense, Defendant alleges that any recovery to which

7   Plaintiff might be entitled (and Defendant does not admit that Plaintiff is entitled to any

8   recovery) must be offset by any workers' compensation, disability or unemployment benefits

9   and/or other monies and/or benefits Plaintiff has received or will receive.

10   **THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE**

11   (Intervening Action)

12   Defendant is informed and believes and based thereon alleges, that if in fact Plaintiff

13   was damaged in any manner whatsoever, such damage, if any, was a direct and proximate

14   and/or legal result of the intervening, superseding actions on the part of other persons or

15   entities, and not the actions of Defendant. Defendant is further informed and believes and

16   thereon alleges that such intervening, superseding actions of such other persons or entities bar

17   recovery herein by Plaintiff against this Defendant.

18   **THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

19   (Good Faith)

20   At all relevant times herein, Defendant alleges that it has complied in good faith with all

21   employment laws and other applicable law, and reasonable interpretations of the same,

22   pertaining to the employment of Plaintiff, including, but not limited to any alleged or perceived

23   disability, accommodation of any alleged or perceived disability, including but not limited to

24   wrongful termination in violation of public policy, discrimination, harassment and retaliation, as

25   may be alleged by Plaintiff in this action.

26   **THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE**

27   (Thirty-Fifth Affirmative Defense- Essential Functions)

28   This Answering Defendant alleges that the relief prayed for in the complaint against

-9-

1  this Answering Defendant is barred because Plaintiff could not perform the essential functions

2  of his position as defined under the Fair Employment and Housing Act ("FEHA"),

3  Government Code § 12926(f).

4  ### THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

5  (No Discrimination or Retaliation)

6  To the extent Plaintiff claims or establishes that he was subject to an adverse

7  employment action or decision, Defendant asserts that any such action or decision was based on

8  legitimate, nondiscriminatory, non-retaliatory reasons.

9  ### THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

10  (Punitive Damages – No Support)

11  As a separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to

12  recover punitive damages because the Complaint and each cause of action set forth therein fails

13  to plead facts sufficient to support the recovery of punitive damages upon which relief may be

14  granted.

15  WHEREFORE, Defendant ALERE HEALTH, LLC prays that:

16  1. Plaintiff's Complaint be dismissed in its entirety with prejudice;

17  2. Plaintiff take nothing by this action;

18  3. Defendant be awarded judgment in its favor and against Plaintiff;

19  4. Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

20  5. Defendant be awarded such further relief as the Court deems appropriate and proper.

22  Dated: March 10, 2014           GARCIA, HERNÁNDEZ, SAWHNEY &
23                                  BERMUDEZ, LLP

25  By:

26                                  Nadia P. Bermudez
27                                  Rodrigo E. Guevara
                                    Attorneys for Defendant
28                                  ALERE HEALTH, LLC

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

*DYAN BILLAL v. ALERE HEALTH, LLC*
Orange Superior Court Case No.:  30-2014-00701896-CU-WT-CJC

      I am employed in the County of San Diego, State of California, am over the age of 18 and not a party to the within action.  My business address is Garcia, Hernández, Sawhney & Bermudez, LLP, 625 Broadway, Suite 1400, San Diego, California 92101.  I am over the age of 18 and not a party to the action.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.

      On the date below, I served the foregoing documents described:

**1.   ANSWER TO PLAINTIFF DYAN BILLAL'S UNVERIFIED COMPLAINT**

on all interested parties in this action by placing [  ] the original [ X ] a true copy thereof in a sealed envelope addressed as follows:

Geniene B. Stillwell, Esq.
Freda Tjoarman, Esq.
STILLWELL LAW OFFICE, P.C.
384 Forest Avenue, Suite 23b
Laguna Beach, CA 92651
Tel: (949) 494-4744
Fax: (949) 494-4734

**ATTORNEY FOR DYAN BILLAL**

**[X]   BY MAIL:** I am "readily familiar" with Garcia, Hernandez, Sawhney & Bermudez, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereof fully prepaid at San Diego, California, on that same day following ordinary business practices.

**[ ]   BY FACSIMILE:**  Before 5:00 p.m. on said date, I caused said document(s) to be transmitted by facsimile.  The telephone number of the sending facsimile machine was (  ).  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.   The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:**   I caused a copy of the document(s) to be sent from e-mail address: gcasillas@ghsblaw.com to the persons at the e-mail addresses listed in the Service List.   I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

1   [ ]      **BY PERSONAL SERVICE**:  I caused to be personally delivered such envelope(s)
    directly to the person(s) being served.

2

3   [ X ]    (*State*)  I declare under penalty of perjury under the laws of the State of California that
    the above is true and correct.

4   [   ]    (*Federal*)  I declare under penalty of perjury under the laws of United States of America
    that the above is true and correct.

5

6         I declare that I am employed in the office of a member of the bar of this Court at whose
    direction this service was made.  Executed on March 10, 2014, at San Diego, California.

7

8

9   _____

10  GLORIA CASILLAS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28